**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**THOMAS BLAKE, Defendant**

Case Nos. 3150 and 3151-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

May 29, 1975

HOFFMAN, *Judge*

MEMORANDUM OPINION

These matters came on for a hearing on May 23, 1975. In Case No. 3151, Driving under the Influence, the testi-

mony showed that soon after the accident which was the basis for the charge of Negligent Driving in Case No. 3150, a blood sample was duly drawn from the defendant and that this sample was later analyzed by the Police Crime Laboratory and shown to contain alcohol in the amount of 0.20%. The testimony of the defendant showed that he had had three drinks on the evening in question. In the interim between the drawing of the blood sample on March 30, 1975 and its delivery to the Crime Laboratory on April 7, 1975 the following events took place: the officer took the blood sample home with him and left it in his refrigerator. The officer then left St. Thomas for two or three days. Upon his return to the island he made several attempts to deliver the sample to the Crime Lab but it was closed each time and he had to return the sample to his refrigerator. Finally he delivered the sample some 7 or 8 days after it was drawn.

I am excluding the evidence of the blood sample because I find several gaps in the chain of custody. I don't see how the Government can assert that the officer was in possession and control of the blood sample when he's off-island and the blood is at home, not under lock and key and totally unguarded, while his wife and children still occupy the home. I wish to note that I find this casual handling of physical evidence totally inappropriate to maintaining the chain of evidence. As to the defendant's admissions that he had three drinks that night the Government failed to recall the chemist to the stand to testify as to what effect this number of drinks could have had on the defendant nor was there any testimony as to over what period the defendant had these drinks. I have enough reasonable doubt to find the defendant not guilty on the charge of drunken driving.

As to the charge of Negligent Driving, I find that the defendant failed to yield the right of way when entering Veteran's Drive from Hospital Gade and was thereby

negligent. If this case were a civil action I would probably find both the defendant and the complaining witness negligent. But this is a criminal matter and I find the defendant guilty beyond a reasonable doubt of negligent driving.

Judgment shall be entered accordingly.

It is so ordered.